IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

**UNITED STATES OF AMERICA**                                                                 **RESPONDENT**

v.                                  **Criminal No.  1:86-cr-10004**
                                                            **1:97-cr-10005**
                                                            **1:97-cr-10006**

**LESLIE ISBEN ROGGE**                                                                         **MOVANT**

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Movant, LESLIE ISBEN ROGGE, (hereinafter "Rogge") a prisoner confined at the Federal Correctional Institution, Beaumont, Texas, proceeding *pro se*, filed this proceeding pursuant to 28 U.S.C. § 2255.  ECF Nos. 74 and 76.[1]  The motion, originally received as a letter to the Court, was referred to the undersigned for findings of fact, conclusions of law and recommendations for the disposition of the case.  For the reason set out below, this Motion should be in all respects denied.

**A.  Factual Background**

**1.  Florida Conviction**: On November 13, 1984, Rogge was convicted of Armed Bank Robbery in the Southern District of Florida and sentenced to 25 years imprisonment.[2]  Following his sentencing in Florida, he was transferred to the District of Idaho to face pending criminal charges there.

**2.  Idaho Conviction**:  On September 25, 1985, he was convicted of two counts of Armed Bank Robbery in the District of Idaho and sentenced to two concurrent 20 year sentences of

---

[1] Pleadings filed in this matter will be referred to by docket number and referenced "ECF No. ___." Further all of the docket numbers in this Report and Recommendation will refer to the docket in cause no. 1:86-cr-10004, unless specifically noted otherwise.

[2] *See U.S. v. Rogge*, No. 84-524-CR-KEHOE (S.D. Fla. 1984).

imprisonment.[3]  This 20 year sentence was ordered served consecutively to the 25 year sentence imposed in the Southern District of Florida.

While in Idaho and in the custody of the U.S. Marshal Service, Rogge was housed at the Latah County Jail.  On September 29, 1985, four days after his sentencing in the Idaho court, he walked away from the Latah County Jail.  Rogge claimed later he had permission to leave the jail. The Government contended he had escaped from custody.   In any event, he was not returned to Federal custody until May 19, 1996, nearly 11 years later, when he was arrested in Angigua, Guatemala.

**3. Arkansas Convictions**: On August 14, 1997, Rogge was sentenced in three separate cases in this Court.[4]  At Rogge's request, on July 7, 2005, the Court entered its order clarifying that the sentences in these three cases were imposed so as to be an effective total sentence of 240 months.[5] ECF No. 64.

**B. Procedural Background**:

Rogge has filed several post-conviction pleadings in this case.  These pleadings are briefly summarized below:

---

[3] *See U.S. v. Rogge*, No. CR-82-30006 (D. Idaho 1982).

[4] Cause No. 1:86-CR-10004 (a case originally from the W.D. Ark.), Cause No. 1:97-CR-10005 (a case originally from the W.D. Mo.), and Cause No. 1:97-CR-10006 (a case originally from the M.D. N.C.).

[5] Rogge received 180 Months in Cause No. 1:86-CR-10004 (an effective sentence of 180 months), concurrent sentences of 180 months on count one and 120 months on count two in Cause No. 1:97-CR-10005 (an effective sentence of 180 months), and concurrent sentences of 180 months on each of counts one and two plus a consecutive sentence of 60 months on count three in Cause No. 1:97-CR-10006 (an effective sentence of 240 months).  These sentences were ordered served concurrently with each other resulting in a total effective sentence of 240 months.

1. **August 1998, § 2255 Motion**: On August 11, 1998, Rogge filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 in this Court. ECF No. 29. After ordering a response from the Government, United States Magistrate Judge Bobby E. Shepherd recommended the motion be denied for lack of jurisdiction. Judge Shepherd specifically found that Rogge was attacking the imposition of his sentence by the Federal Bureau of Prisons, rather than the sentence itself. ECF No. 34. Rogge was instructed that any attack on the imposition of the sentence should be filed in the district where he was incarcerated. United States District Judge Harry F. Barnes agreed and denied the Motion. ECF No. 35.

2. **April 2001, § 2255 Motion**: On April 30, 2001, Rogge filed a second Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 in this Court. ECF No. 36. Again, the Court ordered a response from the Government. The Court denied this second motion as successive and filed without the prior authorization of the United States Court of Appeals for the Eighth Circuit. ECF Nos. 41 and 45. Rogge appealed this dismissal and on November 26, 2002, and the Court of Appeals affirmed this Court's dismissal of this second petition as untimely. *See Rogge v. United States*, 44 Fed. Appx. 65, 2002 WL 1968342, *1 (8th Cir. 2002); ECF No. 60.

3. **Motion for Clarification**: On June 16, 2003, Rogge filed his "Motion for Clarification" seeking to clarify the imposition of his sentences in this Court. The Court entered its order on July 29, 2003, denying the Motion, but stating that the sentences imposed in the three cases in this Court "needs no clarification in that it clearly states the Defendant be sentenced to 240 months in the Bureau of Prisons in regard" to the three cases in the Western District of Arkansas. ECF No. 62.

4. **Second Motion for Clarification**: On July 7, 2005, Rogge filed his second Motion for Clarification. ECF No. 63. In this motion, he sought to "correct by order the Bureau of Prisons

computation data sheet of the petitioner." ECF No. 63.  The Court construed this as a motion to clarify sentences and granted the motion, specifically stating that the sentences in the three cases in this district would have a total sentence of 240 months and that such sentence would "run consecutively with the undischarged terms of imprisonment entered in the Southern District of Florida, . . ., and from the Disrict of Idaho. . . ."  ECF No. 64.

    **5.  Motion for Preliminary Injuction**: On September 26, 2005, Rogge filed a Motion for Preliminary Injunction, alleging the Federal Bureau of Prisons ("BOP") refused to properly implement this Court's Order of July 7, 2005.  ECF No. 65.   On February 22, 2006, this Court entered its Order denying the Motion for Preliminary Injunction because Rogge was incarcerated in a BOP facility within the Eastern District of Texas and this Court lacked jurisdiction over the BOP in this district.  ECF No. 67.  The Court noted Rogge could seek injunctive relief from the United States District Court for the Eastern District of Texas, as that court had jurisdiction over Rogge and the BOP.

    **6.  Motion to Withdraw Guilty Plea**: On April 25, 2008, Rogge filed his Motion to Withdraw Guilty Plea in this matter.  ECF No. 70.   This motion was another attempt to attack the manner in which the BOP calculates Rogge's sentence imposition.  The Court denied this Motion to Withdraw Guilty Plea on June 3, 2009.  ECF No. 73.  In his Order Judge Barnes states in part:

> Here, Rogge is attacking the execution of the sentences imposed by this Court, i.e., the BOP's computation of these sentences. Such an attack must be brought in the judicial district in which the BOP or the petitioner's custodian is located.
>
> Rogge is incarcerated in the F.C.I. in Beaumont, Texas. Any motion challenging the BOP's computation of Rogge's sentences should be brought in that judicial district, i.e., the district in which the BOP or the petitioner is located. Accordingly, this Court does not have jurisdiction over the BOP and can not proceed with respect to the BOP's execution of Rogge's sentences. Therefore, Defendant/Petitioner Leslie I. Rogge's pending motion should be and hereby is denied and dismissed without

prejudice to his refiling the motion in the appropriate federal judicial district. The Court once again ruled it had no jurisdiction over an attack on the BOP's sentence calculation such as the one made by Rogge.

In addition to the six post-conviction motions filed by Rogge in this case, he has filed the following requests for post-conviction relief in other jurisdictions:

**7. June 2003, § 2241 Petition**: On June 10, 2003, Rogge filed his Petition for *Habeas Corpus* relief in the Eastern District of Texas. *See Rogge v. Miles*, No. 1:03-cv-359 (E.D. Tex. 2003), ECF No. 1. Rogge claimed in this petition the BOP had, with a hearing, improperly denied him credit for time served, for the time period between September 29, 1985, when he walked away from the county jail in Idaho, until May 19, 1996, when he was arrested in Guatemala. In effect, Rogge demanded to be given credit for time served, while he was in escape status from the United States Marshal. In an Order dated March 11, 2004, the Court recommended denial of the petition. *See Rogge v. Miles*, No. 1:03-cv-359 (E.D. Tex. 2003), ECF No. 17. Rogge appealed this decision, and the United States Court of Appeal for the Fifth Circuit affirmed the district court's decision finding Rogge had not exhausted his administrative remedies and further had shown no due process violation. *See Rogge v. Miles*, 2005 WL 1390377, *1, 134 Fed. Appx. 692 (5th Cir. June 10, 2005).

**8. November 2010 § 2241 Petition**: On November 9, 2010, Rogge filed his Petition for *Habeas Corpus* relief in the Eastern District of Texas. *See Rogge v. U.S. Bureau of Prisons, et al*, No. 1:10-cv-720 (E.D. Tex. 2003), ECF No. 1. In this petition, he claimed again the BOP was improperly calculating his sentence and ignoring the orders entered by this Court that his Arkansas imposed sentences be ran concurrently with all previous sentences. Esentially, he argued the BOP improperly calculated the 180 month sentence imposed on him in Cause no. 1:97-CR-1005 (W.D.

Ark. 1997) to be a consecutive sentence to all other sentences. The Government responded and set out how the BOP had calculated the sentences. On September 12, 2012, Rogge moved to withdraw his Petition. That Motion was granted by the Court in the Eastern District of Texas on October 18, 2012. *See Rogge v. U.S. Bureau of Prisons, et al*, No. 1:10-cv-720 (E.D. Tex. 2003), ECF No. 18.

Each of the eight (8) foregoing petitions or motions addressed the issue of the BOP's calculation of Rogge's multiple sentences, from multiple jurisdictions, for armed bank robbery. He received an order from this Court clarifying its intentions regarding application of the sentences imposed in the W.D. of Arkansas. In his petition, filed in the E.D. Texas in 2010, Rogge attaches the BOP's response to his administrative request for recalculation of his various sentences. *See Rogge v. U.S. Bureau of Prisons, et al*, No. 1:10-cv-720 (E.D. Tex. 2003), ECF No. 1, p. 16-18. The BOP response clearly shows the BOP understands and applied this Court's directives regarding imposition of the sentences imposed in Arkansas. The BOP response states in part:

> All three case numbers [the three W.D. Arkansas cases] were ordered to be served concurrent with each other, but consecutive to the previously imposed 45-year old law aggregate sentence [25-year sentence from North Carolina conviction and 20-year sentence from the Idaho conviction].

**C. Instant Motion**

The present "motion" was filed on July 17, 2012. ECF No. 74. This filing was actually a letter addressed to United States District Judge Harry F. Barnes, the judge who originally sentenced Rogge in the W.D. of Arkansas cases. The letter requested that Rogge be allowed to withdraw his plea and have the court resentence him to a sentence that will "please the Bureau of Prisons." Upon review, the Court determined it was unable to ascertain the basis for a withdrawal of guilty plea and directed Rogge to file a motion pursuant to § 2255 to allow the Court to properly consider the basis for Rogge's request. The Court noted that Rogge had previosly filed two (2) motions pursuant to §

2255, and that any effort to address the BOP's computation and execution of his sentences must be filed in the district wherein Rogge was currently incarcerated, namely the E.D. of Texas.  Rogge has now filed his claims using the forms provided by the Court for seeking relief pursuant to § 2255.  ECF No. 76.  The Court has reviewed these claims and finds that no response from the Government is required.

Rogge first claims his counsel was ineffective for not "objecting to the erroneous calculation of different sentencing laws of the different counts."  According to Rogge, this caused an illegally imposed sentence.  He also claims this is the first time he has raised this issue in § 2255 motion.

Rogge's second claim is that the Court and the Government provided erroneous information in his plea agreement that made enforcement by the BOP impossible, thus breaching the plea agreement.  Further, he claims this Court failed to follow the law in applying the sentence agreed to in the plea agreement.

Rogge's third and fourth claims are that he was unaware his sentences in this Court were under the "new law" [post-1987] and the "old law" [pre-1987] and thus it was not possible to have them served concurrently.  Rogge claims this is evidenced by the fact the forms used for the judgments in these cases all reflect the crimes were committed after November 1987.

Rogge also claims his current motion is timely in that "the thougherly [sic] understood facts of this case only came to light after over 11 years of ligagation [sic] by the pro-se petitioner."  He states he never considered the Court to be in error or his counsel to be ineffective until after the BOP refused his request to recalculate his sentence execution.  As relief, he asks the Court to declare the three sentences imposed in this Court "illegally formed" and his plea agreement "void."

**D. Discussion**

**1. Initial Review**:  This matter is before the Court for initial review of the Motion pursuant to § 2255 to vacate, set aside, or correct sentence filed by Rogge.  Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires initial review of the defendant's § 2255 motion. Rule 4(b) states:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

After review of the original letter (ECF No. 74) and subsequently ordered Motion (ECF No. 76) pursuant to § 2255, and for the reasons set out below, it is apparent Rogge is not entitled to relief from this Court, and no response from the Government is necessary.

**2. Motion is Time-Barred**:  The instant Motion should be denied as time-barred.  On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA") was signed into law.  As amended by the AEDPA, 28 U.S.C. § 2255 imposes a one-year statute of limitations on § 2255 motions, stating in pertinent part:

> (f) A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

In general, a movant requesting collateral relief has one year from "the date on which the judgment became final" to file a motion challenging his conviction or sentence. A conviction is final under § 2255 when a defendant's options for further direct review are foreclosed. *United States v. Gamble*, 308 F.3d 536, 537 (5th Cir. 2000); *United States v. Thomas*, 203 F.3d 350, 352 (5th Cir. 2000). When a defendant fails to file a notice of appeal from the judgment of the trial court, his conviction is final upon the expiration of the time for filing a notice of appeal, which is ten days after the entry of the judgment. Fed. R. App. P. 4(b). *See Wims v. United States*, 225 F.3d 186, 188 (2nd Cir. 2000).

In the present case, the judgment was entered on August 14, 1997. Any Notice of appeal was due ten days later. Since the Rogge did not appeal the conviction, his conviction became final for purposes of § 2255 no later than August 27, 1997.[6] The present § 2255 Motion was filed on July 17, 2012, over 15 years after the original conviction. Rogge asserts in his Motion that he has only recently learned of the facts underlying his claims and thus could not have filed this motion sooner. While not citing the statute, his claim is squarely within the language of § 2255(f)(4).

To be entitled to invoke the statute of limitations contained in section 2255(f)(4), Rogge "must show the existence of a new fact, while also demonstrating [that he] acted with diligence to discover the new fact." *E.J.R.E. v. United States*, 453 F.3d 1094, 1097 (8th Cir. 2006). The proper task for the Court, in a case such as this one, therefore, "is to determine when a duly diligent person in petitioner's circumstances would have discovered that no appeal had been filed." *Wims v. United States*, 225 F.3d 186, 190 (2d Cir. 2000). Based on the history of Rogge's efforts to attack the

---

[6] In calculating the deadline, the Court applied the three-day mailing rule. *See* FED. R. APP. P. 26(c).

BOP's sentence calculation in this case, and beginning at least as early as June 16, 2003 with the filing of his first Motion for Clarification (ECF No. 61) it is apparent that any duly diligent person in Rogge's circumstances would have discovered counsel's failure to object to the manner the Court imposed his sentences.  Further, the exact problem he complains of now, namely, the fact that he has both "old law" sentences and "new law" sentences to serve, was clearly evident to him when he received the BOP's response to his request for recalculation of his sentence in 2005.  Indeed, most of Rogge's filing with this Court over the past 15 years have dealt with his claim of an improperly calculated sentence.

Rogge has not raised the issue of equitable tolling of the one-year statute of limitations.  The Eighth Circuit has recognized that the doctrine of equitable tolling is available to a § 2255 movant, but it is available only under "extraordinary" circumstances.  *See United States v. Martin*, 408 F.3d 1089, 1093 (8th Cir. 2005).  In that regard, ineffective assistance of counsel that is due simply to an attorney's negligence or mistake does not generally constitute an "extraordinary circumstance" that would justify equitable tolling.  The doctrine applies "only when some fault on the part of the defendant has caused a plaintiff to be late in filing, or when other circumstances, external to the plaintiff and not attributable to his actions, are responsible for the delay."  *Flanders v. Graves*, 299 F.3d 974, 977 (8th Cir. 2002).  Indeed, equitable tolling is an "exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001).  There are no "extraordinary" circumstances here. In summary, Rogge's § 2255 motion is untimely.

**3. Successive Petition**:  The instant Motion should also be denied as an improper successive motion, filed without the prior approval of the Eighth Circuit.  Under the AEDPA, federal prisoners may not file a "second or successive" § 2255 motion without an appropriate certification from the

circuit court of appeals. *See* 28 U.S.C. §§ 2255, 2244(b). Section 2255 states in part:

> (h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

In this case, Rogge has filed a at least seven (7) motions in this court attacking his sentences over the past 15 years. At least two of these prior motions were considered to be made pursuant to § 2255. *See* ECF Nos. 29 and 36. Both of the prior § 2255 motions were denied by this Court. In the case of the denial of the second § 2255, United States Magistrate Judge Bobby E. Shepherd recommended denial as a successive motion and instructed Rogge that he could seek authorization from the Eighth Circuit. ECF No. 41. Judge Barnes adopted this recommendation and denied the motion. ECF No. 45. The Eighth Circuit affirmed this denial. ECF No. 60.

Rogge has once again filed a motion pursuant to § 2255 without alleging new facts recently discovered through due diligence and without the permission of the Eighth Circuit Court of Appeals. The Motion should be denied as successive.

**4. Abuse of Writ**[7]: Rogge has now filed at least nine (9) post-conviction pleadings in this and other courts attacking in some way the BOP's calculation of the imposition of his various prison sentences. It is clear Rogge has understood for many years the manner in which the BOP would

---

[7]The Abuse of Writ Doctrine may be raised *sue sponte* by the Court. *See United States v. Fallon*, 992 F.2d 212, 213 (8th Cir. 1993)

calculate his sentences and possible parole and release dates. Yet, he continues to file the same request, under different guises, in this Court and others.

In *McCleskey v. Zant*, 499 U.S. 467 (1991), the Supreme Court clarified that the abuse of the writ doctrine "is not confined to instances of deliberate abandonment." In *McClesky,* the Supreme Court adopted the same standard that governs issues of procedural default for cases of abuse of writ and held that a successive petition must be dismissed as an abuse of the writ unless the petitioner can show external cause and prejudice or a fundamental miscarriage of justice. *See id.*, at 494. The *McCleskey* standard applies to § 2255 habeas petitions filed by federal inmates as well as to § 2254 habeas petitions filed by state inmates. *See United States v. Fallon*, 992 F.2d 212, 213 (8th Cir. 1993). "The abuse of the writ doctrine impose[s] on petitioners a burden of reasonable compliance with procedures designed to discourage baseless claims and to keep the system open for valid ones. . . . [S]uccessive post-conviction petitions offend these important interests." *Id.* (Citations omitted). Rogge has clearly abused his right to proceed by writ of *habeas corpus*, § 2255 motion, or other methods of post-conviction relief. He has been told repeatedly by this Court and others that he must contest the BOP's sentence calculation in the jurisdiction where he is currently incarcerated. He continues to ignore that direction. His Motion should be denied as an abuse of writ.

E. **Recommendation**

It is accordingly recommended that the motion for relief under 28 U.S.C. § 2255 be denied and the case dismissed *with prejudice,* as time-barred, successive and as an abuse of writ. I also recommend the Clerk of this Court be directed not to accept any future pleading for filing unless Rogge first obtains authorization for such filing from the United States Court of Appeals for the Eighth Circuit or alleges an immediate threat of harm to himself. Finally, pursuant to *28 U.S.C.*

*§1915(a),* I recommend that the Court find that an appeal from this dismissal would not be taken in good faith.

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**DATED** this **6th day of November 2012.**

        /s/ Barry A. Bryant
        HON. BARRY A. BRYANT
        U.S. MAGISTRATE JUDGE