IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                              Case No. 1:97-cr-10005

LESLIE ISBEN ROGGE                                                          DEFENDANT

## ORDER

Before the Court is Defendant Leslie Isben Rogge's ("Rogge") Motion for Compassionate Release.  ECF No. 56.  The Government has responded.  ECF No. 62.  Rogge has replied.  ECF No. 67.  The Court finds the matter ripe for consideration.

### I. BACKGROUND

The Court will offer a concise summary of the legal and factual background relevant to the instant motion, which spans decades and involves multiple federal convictions.  In June 1984, Rogge committed armed bank robbery in the Southern District of Florida and was subsequently indicted, convicted, and sentenced to twenty-five years imprisonment.[1]  ECF No. 8, ¶ 90-91 ("PSR").  Following that conviction, Rogge was transferred to the District of Idaho to face two counts of armed bank robbery.  The District of Idaho sentenced Rogge to twenty years imprisonment to run consecutively to the sentence from the Southern District of Florida.[2]  PSR at ¶ 92.  Days after the District of Idaho sentenced Rogge, he escaped from the Latah County, Idaho jail at which he was being detained.

Rogge spent more than a decade on escaped status before surrendering to federal law enforcement in May 1996 at the United States Embassy in Guatemala City, Guatemala.  In August 1996, following Rogge's return to the United States, a jury convicted Rogge in this Court for an

---

[1] *United States v. Rogge*, Case No. 84-524-CR-KEHOE (S.D. Fla. 1984).
[2] *United States v. Rogge*, Case No. CR-82-30006 (D. Idaho 1982).

April 1986 bank robbery committed in El Dorado, Arkansas.[3]  Prior to Rogge being sentenced,

two additional federal indictments for bank robberies were transferred to this District—one being

from the Middle District of North Carolina[4] for a July 1986 bank robbery, and the other being the

instant matter from the Western District of Missouri for a March 1991 bank robbery.   ECF No. 1.

On February 21, 1997, Rogge pleaded guilty to the three counts in the North Carolina[5] indictment

and to the two counts in the Missouri indictment.  ECF No. 4.  On August 7, 1997, this Court

sentenced Rogge to a combined two-hundred forty (240) months imprisonment for the crimes in

the three separate cases, to be served consecutive to the undischarged portions of the sentences

imposed by the Southern District of Florida and the District of Idaho.  ECF No. 9.

On July 25, 2022, Rogge filed a pro se request for compassionate release.  ECF No. 29.

The Court subsequently appointed the Federal Public Defendant to represent Rogge for any

supplemental requests for release, which Rogge then submitted.  ECF Nos. 32 & 36.  The Court

eventually denied Rogge's request without prejudice, determining that he was currently serving a

sentence for an offense committed prior to the November 1, 1987 effective date of the Sentencing

Reform Act and thus he could not independently request release.  ECF No. 46.  The Court further

stated that Rogge would be eligible to directly request release on October 25, 2025, because that

would be the date he would begin serving the portion of his sentence for the conviction in this

matter and for which the offense conduct occurred in March 1991.  ECF No. 46, p. 6 n.5.  The

Eighth Circuit subsequently affirmed the Court's determination.  ECF No. 54: *and see United

States v. Rogge*, 141 F.4th 902 (8th Cir. 2025).

On February 24, 2026, Rogge filed the instant motion renewing his request for

---

[3] *United States v. Rogge*, Case No. 1:86-cr-1004-001 (W.D. Ark. 1986), Doc. No. 21.
[4] *United States v. Rogge*, Case No. 1:97-10006-001 (W.D. Ark. 1997).
[5] *United States v. Rogge*, Case No. 1:97-10006-001 (W.D. Ark. 1997), ECF No. 4.

compassionate release, arguing that his advanced age and medical issues are sufficient grounds for release from confinement.  ECF No. 56.  The Government responded in opposition, and Rogge replied.  ECF No. 62 & 67.

## II. DISCUSSION

Rogge seeks "compassionate release" through a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), which requires showing that "(1) 'extraordinary and compelling reasons' justify the reduction; (2) the reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the sentencing factors under § 3553(a) support relief."[6]  *United States v. Fetters*, 163 F.4th 513, 515 (8th Cir. 2026) (quoting *United States v. Johnson*, 2025 WL 1949738, at *1 (8th Cir. 2025)).  Rogge must have also exhausted his administrative remedies with the Bureau of Prisons ("BOP") prior to requesting release directly with the Court.  *Id*. (citing 18 U.S.C. § 3582(c)(1)(A)).  "The defendant bears the burden to establish that compassionate release is warranted." *United States v. Rodriguez-Mendez*, 168 F.4th 1123, 1125 (8th Cir. 2026).  The Court will examine each requirement for release in turn.

---

[6] Section 3581(c)(1)(A)(i) reads:

> (c) [] The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case--
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction; . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C § 3582(c)(1)(A)(i).

3

### A. Administrative Remedies

A defendant may directly request release from a court "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]"  18 U.S.C. § 3582(c)(1)(A).

Rogge notes that he sent a request to his warden regarding release (ECF No. 56-1) on December 7, 2025, and that he never received an answer prior to filing the instant motion.  Rogge contends that this failure to answer makes him eligible to seek release directly with the Court.  The Government does not contest that Rogge has exhausted his administrative remedies.  The Government explains that it has received no information indicating that the warden of Rogge's facility responded in any manner to his December 2025 request and states that the Court may evaluate his request for release.  The Court agrees.  Rogge appears to have sent a request to his warden regarding a motion for release in December 2025 and never received an answer.  Clearly more than thirty days elapsed without a response prior to Rogge filing the instant motion, which permits the Court to evaluate his request for release on the merits.  *See* 18 U.S.C. § 3582(c)(1)(A).

### B. Extraordinary and Compelling Reasons

The United States Sentencing Commission is tasked with describing what constitutes "extraordinary and compelling" reasons justifying a sentence reduction pursuant to § 3582(c)(1)(A).  *See* 28 U.S.C. § 994(t).  The applicable United States Sentencing Guidelines Manual ("U.S.S.G.") Policy Statement implementing 28 U.S.C. § 994(t) is U.S.S.G. § 1B1.13(b).  Relevant to Rogge's motion, that Policy Statement holds that a terminal illness such a "metastatic solid-tumor cancer" is an extraordinary and compelling reason.  U.S.S.G. § 1B1.13(b)(1)(A).  That Policy Statement also includes a "serious physical or medical condition" that "substantially

4

diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *See* U.S.S.G. § 1B1.13(b)(1)(B)(i). "Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t).

Rogge argues that his health issues undoubtedly create "extraordinary and compelling reasons" for his release. Rogge contends that his Stage IV metastatic prostate cancer satisfies this requirement under U.S.S.G. § 1B1.13(b)(1)(A) because a doctor informed him months before he filed the instant motion that his life expectancy was approximately eighteen months. In addition to the prostate cancer, Rogge notes that he has heart disease, bradycardia requiring a pacemaker, hearing loss, hepatitis C, dementia, and mobility issues that require the use of a wheelchair and an elevated toilet to reduce the risk of falls. Combined with his advanced age—which is eighty-six (86) years old as of the date of this Order—Rogge contends that this debilitating combination of health issues also constitutes an extraordinary and compelling reason under U.S.S.G. § 1B1.13(b)(1)(B)(i). Rogge offers that these circumstances demonstrate that the end of his life is near and that his request for release merely seeks to allow him to die outside of prison.

The Government does not dispute that Rogge has shown extraordinary and compelling reasons for release. The Government notes that Rogge's prostate cancer presumably qualifies on its own under U.S.S.G. § 1B1.13(b)(1)(A) as a terminal illness with an end-of-life trajectory. Considering his other health issues and age, the Government states that Rogge's situation "likely presents 'extraordinary and compelling reasons,' as that term is elucidated in the Policy Statement." ECF No. 62, p. 9.

The Court finds that Rogge has clearly shown that extraordinary and compelling circumstances are present. Rogge's medical records demonstrate that he has Stage IV prostate

cancer. ECF No. 58-1, p. 13; ECF No. 58-2, p. 4. As the Government helpfully notes, this is a form of solid tumor-cancer explicitly contemplated by U.S.S.G. § 1B1.13(b)(1)(A) as an extraordinary and compelling reason under § 3582(c)(1)(A).[7] The Court also takes note of Rogge's other documented medical issues: heart disease and bradycardia necessitating a pacemaker[8]; hepatitis C[9]; dementia or Alzheimers[10]; and mobility issues resulting in the issuance of a wheelchair and an "elevated commode" for assistance to mitigate further risk of falls.[11] Adding Rogge's age to that panoply of issues, the Court views the circumstances as also constituting extraordinary and compelling reasons under U.S.S.G. § 1B1.13(b)(1)(B)(i). Thus, Rogge has made the required showing of extraordinary and compelling reasons required by § 3582(c)(1)(A) and the Court may consider if Rogge can satisfy the remaining requirements for release.

### C. Sentencing and Safety Factors

Even if extraordinary and compelling reasons exist for a sentence reduction, any reduction also requires consideration of the sentencing factors found in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A). The required factors for consideration include "the nature and circumstances of the offense and the history and characteristics of the defendant[.]" 18 U.S.C. § 3553(a)(1). A court must also consider a sentence's need to: 1) "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;" 2) "afford adequate deterrence to criminal conduct;" and 3) "protect the public from further crimes of the defendant[.]" 18 U.S.C. §§ 3553(a)(2)(A)-(C). Additionally, § 3582(c)(1)(A)'s requirement that any sentence reduction

---

[7] *See* ECF No. 62, p. 9 n.4 (citing UCLA HEALTH, *Some types of prostate cancer may not be aggressive as originally thought*, https://www.uclahealth.org/news/release/some-types-of-prostate-cancer-may-not-be-as-aggressive-as-originally-thought (last visited June 1, 2026)).
[8] *See* ECF No. 58-1, pp. 6, 22, 24, 30.
[9] *See* ECF No. 58-1, pp. 25, 28, 62, 77.
[10] *See* ECF No. 58-1, pp. 63, 77-78, 81; ECF No. 58-2, pp. 4, 6, 42-43, 46.
[11] See ECF No. 58-1, p. 19.

be consistent with applicable policy statements issued by the Sentencing Commission requires evaluation of the 18 U.S.C. § 3142(g) community safety factors. *See* U.S.S.G. § 1B1.13(a)(1)(2). Those safety considerations include the nature and circumstances of a defendant's offense, the history and characteristics of the defendant, the weight of the evidence against the defendant, the history and characteristics of the defendant, and "the nature and seriousness of the danger to any person of the community that would be posed by the person's release." 18 U.S.C. §§ 3142(g)(1)-(4). The overlap in considerations between § 3553(a) and § 3142(g) makes it appropriate to evaluate Rogge's satisfaction of these two requirements together.

Rogge argues that his current physical condition overcomes any barrier to his release under the relevant considerations. Rogge does not dispute that his offenses justified the sentences imposed against him and that his criminal history would weigh heavily against him under typical circumstances. Rather, Rogge contends that his physical deterioration indicates that he does not have the capacity to be a danger to the public and that release during the twilight of his life with his documented ailments would do nothing to undermine his sentence's aim to provide deterrence for criminal conduct or promote respect for the law. Rogge adds that he intends to spend however much time he has left with his wife in Colorado if he is granted release and that the Court is free to impose a term of supervision as a condition of release.

In response, the Government argues that neither the sentencing factors nor community safety factors supports release. The Government contends that the safety factors alone should foreclose release because of Rogge's prolific criminal history. The Government asserts that Rogge's multi-decade criminal career is the clearest predictor that he will not be a law-abiding member of society for whatever span of time he spends out of confinement. The Government also opines that the limited life Rogge has remaining can reasonably be viewed as an incentive for him

to return to his well-established disregard for the law. The Government then contends that early release after Rogge's extensive criminal career would significantly undermine the various purposes of his lengthy and well-deserved sentence. In reply, Rogge argues that the Government's opposition is disconnected from the reality of Rogge's condition. Rogge reiterates that he is obviously not able-bodied enough to actualize the Government's fears and contends that his three-decade stint in confinement without incident is a better indicator that he has little interest in engaging in any form of criminal conduct.

Upon review of the relevant sentencing and safety considerations, the Court finds that the reduction in sentence Rogge seeks is warranted and will grant his motion for compassionate release. This conclusion rests on the uncontested reality of Rogge's physical health. Most of the sentencing and safety considerations weigh against release and would typically preclude the Court from entertaining Rogge's request. However, it strikes the Court as unreasonable to view Rogge as posing an objectively serious risk to public safety in his current state. Among the plethora of issues documented in the medical files provided by Rogge and the Government, he is 86 years old, has a terminal form of cancer, uses a pacemaker for a heart condition, has some form of dementia, and has such hampered mobility that BOP staff provided him with a wheelchair and an elevated toilet apparatus to reduce his risk of injuries from falls. This substantial diminishment in capacity weighs so heavily in Rogge's favor regarding the safety considerations under § 3553(a)(2)(C) and § 3142(g)(4) that these factors dwarf the remaining considerations. As to the Government's arguments that release would undermine deterrence and respect for the law, such concerns seem unfounded with full view of Rogge's circumstances. He is a frail elderly man with late-stage cancer and a decaying mind. It is hard to imagine that one could view his release as a signal that the federal criminal justice system has neither spine nor teeth.

8

Further, the Court notes that the Government has not presented one instance of a disciplinary infraction by Rogge during his thirty years spent in BOP custody. In the Court's experience reviewing motions for compassionate release, the Government does not hesitate to mention such infractions, regardless of their severity. Indeed, the Government mentions—but does not provide documentation—that Rogge has received a greater than fifteen-year reduction to one or more of his federal sentences because of his good behavior during confinement. ECF No. 62, p. 11. Nonetheless, the Court is not dismissive of Rogge's background and the Government's corresponding concerns. Rogge's criminal history is vast and extends far beyond the federal convictions noted in this Order. *See* PSR at ¶¶ 59-93. He certainly earned the sentences imposed in this matter and others. Therefore, despite Rogge's frail state, the Court will impose a term of supervision along with the reduction of Rogge's period of confinement to time served. *See* 18 U.S.C. § 3582(c)(1)(A).

### III. CONCLUSION

For the reasons stated above, Defendant Leslie Isben Rogge's Motion for Compassionate Release (ECF No. 56) is hereby **GRANTED**. It is further **ORDERED** that: 1) Defendant's previously imposed custodial sentence is hereby reduced to time served; 2) Defendant shall be subject to five (5) years of supervised release with standard conditions, and; 3) this Order is **STAYED** for fourteen (14) days to permit adequate time for coordination between the Bureau of Prisons, the United States Probation Office, and Defendant regarding compliance with this Order and to facilitate Defendant's safe release from confinement. The parties shall promptly inform the Court if they believe fourteen days is not sufficient time to comply with this Order. Lastly, the Government's Motion for Extension of Time (ECF No. 61) is **DENIED** as **MOOT**.

**IT IS SO ORDERED**, this 5th day of June, 2026.

/s/ Susan O. Hickey

9

Susan O. Hickey
United States District Judge